IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENNETH SMITH, SHANEL SMITH,** | § | |
| **AND PAMELA RENEE AYERS,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-3582-L** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss (Doc. 4), filed November 18, 2015. After careful consideration of the motion, response, reply, pleadings, and applicable law, the court **grants** Defendant's Motion to Dismiss and **dismisses with prejudice** this action.

**I.     Factual and Procedural Background**

Plaintiffs Kenneth Smith, Shanel Smith, and Pamela Renee Ayers ("Ayers") (collectively, "Plaintiffs") originally brought this action against Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMC") in County Court at Law No. 1, Kaufman County, Texas, on October 28, 2015, asserting claims for wrongful foreclosure and eviction and alleged violations of the Texas Debt Collection Act ("TDCA"). Plaintiffs seek to recover actual damages, statutory exemplary damages, injunctive relief, attorney's fees, and costs. Plaintiffs' claims all arise from the allegedly wrongful foreclosure in 2013 of property located at 9142 Abner Road, Terrell, Texas, 75160 (the "Property").

**Memorandum Opinion and Order - Page 1**

On November 5, 2015, JPMC removed the action to federal court based on diversity jurisdiction. On November 18, 2015, JPMC moved to dismiss Plaintiffs' claims and request for injunctive relief under Federal Rule of Civil Procedure 12(b)(6). In support of its Motion to Dismiss, Defendant attached copies of the Deed of Trust ("Deed") that was executed with respect to the Property, the April 2012 Corporate Assignment of the Deed ("Assignment"), and a copy of the record evidencing the recording of the Assignment in May 2012 with the Kaufman County Clerk.[1]

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[1] For purposes of a Rule 12(b)(6) motion, the pleadings include the complaint, documents attached to the complaint, as well as "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotation marks and citation omitted). Further, the court may take judicial notice of matters of public record in deciding a Rule 12(b)(6) motion. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). Because the Deed, Assignment, and copy of the record evidencing the recording of the Assignment are attached to Defendant's Motion to Dismiss, and they are referred to in and are central to Plaintiffs' claims, they are considered part of the pleadings, and the court can consider them in ruling on the Motion to Dismiss. The court can also take judicial notice of the record evidencing the recording of the Assignment, as it is a public record, which was filed with the Kaufman County records office.

**Memorandum Opinion and Order - Page 2**

action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)

(quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.  Analysis**

    **A.  Claims by Ayers**

As a preliminary matter, Defendant contends that Ayers should be dismissed from this action because, while she is named as a plaintiff in the caption of Plaintiffs' Original Petition ("Petition"),

she is not mentioned anywhere else in the Petition. Plaintiffs do not address this contention. As JPMC correctly notes, Ayers is listed as a plaintiff in the caption of the Petition but not mentioned elsewhere in the Petition. The inclusion of her name in the caption, thus, appears to have been a typographical error by Plaintiffs' counsel. For this reason and because no response or clarification was provided by Plaintiffs in response to JPMC's Motion to Dismiss, the court concludes that the inclusion of Ayers' name in the caption of the Petition was a mistake or, alternatively, that any claims by Ayers in this action have been abandoned. Accordingly, all claims by Ayers will be dismissed without prejudice, and all references in the remainder of this opinion to "Plaintiffs" will refer to Kenneth and Shanel Smith, not Ayers.

### B. JPMC's Authority to Enforce the Deed and Foreclose on the Property

JPMC asserts that Plaintiffs' contentions regarding its alleged lack of standing or authority to enforce the Deed, appoint a substitute trustee, and foreclose on the Property are based on the erroneous assumption that the Deed naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the original lender could not be assigned by MERS to JPMC after the original lender ceased doing business in 2010. JPMC contends that Plaintiffs lack standing to challenge the Assignment from MERS to JPMC, and their claims alleging that it did not have authority to foreclose on the Property fail as a matter of law and should be dismissed. For support, Defendant relies in part on the Fifth Circuit's opinion in *Reinagel v. Deutsche Bank National Trust Company*, 735 F.3d 220, 225-25 (5th Cir. 2013).

JPMC further asserts that it had authority to enforce the Deed and appoint a substitute trustee under section 51.004(4) of the Texas Property Code, which states that "mortgagee" includes "the grantee, beneficiary, owner, or holder of a security instrument" or "if the security interest has been

**Memorandum Opinion and Order - Page 5**

assigned of record, the last person to whom the security interest has been assigned of record." Def.'s Mot. 4-5. JPMC contends that the Deed expressly designates MERS as the beneficiary and gave it the right to exercise any of the interests granted by Plaintiffs and to take any action required of the original lender, including "the right to foreclose and sell the Property." *Id.* at 5 (quoting Deed, attached as Ex. A to Def.'s Mot.). JPMC asserts that, under the Texas Property Code, MERS is considered a "book entry system" that qualifies as a mortgagee, and JPMC became the mortgagee in 2008 by virtue of the Assignment from MERS that was recorded on May 7, 2012. *Id.* (citing Assignment, attached as Ex. B to Def.'s Mot.). JPMC, therefore, contends that, because MERS became the mortgagee in 2008 and had the right to assign the Deed, the original lender's failure in 2010 had no effect on MERS' subsequent assignment of the Deed to JPMC in 2012.

Plaintiffs disagree that they lack standing to challenge the Assignment. They contend that district courts in this Circuit and Texas state courts have held that debtors such as them can challenge assignments in certain circumstances. Plaintiffs contend that *Reinagel* is not dispositive because:

> In the instant case, there is . . . a fatal defect in the chain of title, where there can be *bona fide* argument as to the validity of the Assignment and of the Appointment and any succeeding appointments of trustees; all acts from and after the first of such instruments are tainted. Since that is true, the forcible detainer suit brought by Defendant was without sufficient foundation.

Pls.' Resp. 4. The court disagrees.

The Fifth Circuit in *Reinagel* held that "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel*, 735 F.3d at 228. This case involves a facially valid assignment of the Deed from MERS to JPMC, and MERS, the assignor, has not challenged the assignment. While Plaintiffs contend that MERS lacked authority to assign the Deed to JPMC after the original lender ceased doing business, this assertion does not render the

**Memorandum Opinion and Order - Page 6**

assignment facially invalid because the Deed expressly granted MERS authority, "as nominee for Lender and Lender's successors and assigns" "to exercise any or all . . . interests [granted by the Borrower in the Deed], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender." Ex. A to Def.'s Mot. (Deed at 1-2). Plaintiffs, therefore, lack standing to challenge MERS' assignment of the Deed to JPMC. *See Reinagel*, 735 F.3d at 226-28.

Plaintiffs' argument that JPMC lacked authority to enforce the Deed, appoint a substitute trustee, and foreclose on the Property, likewise fails. The Fifth Circuit and Texas courts have held that MERS qualifies as a "mortgagee" under the Texas Property Code and has authority to initiate foreclosure proceedings. *Ferguson v. Bank of New York Mellon Corp.*, 802 F.3d 777, 781 & n.6 (5th Cir. 2015) (citing cases); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (citing § 51.0001(4) and concluding that a mortgagee includes "a book entry system," and "[b]ecause MERS is a book-entry system, it qualifies as a mortgagee."). Under Texas law, a nonjudicial foreclosure may be initiated by the current mortgage. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (per curiam) (citing Tex. Prop. Code Ann. § 51.0001(4)). In *Farkas*, the Fifth Circuit held that MERS, as the mortgagee and beneficiary of the lender under a deed of trust, and its assigns have authority to initiate foreclosure actions under the Texas Property Code. *Id.* (citing *Martins*, 722 F.3d at 255).

In this case, the pleadings and public records demonstrate that the Deed names MERS as the beneficiary of and nominee for the lender, and MERS later assigned the Deed to JPMC on April 10, 2012. JPMC became the mortgagee as defined under section 51.0001(4) of the Texas Property Code as a result of the transfer of the Deed, which was recorded May 7, 2012, and, thus, was an appropriate party to initiate nonjudicial foreclosure proceedings against Plaintiffs' Property. *See*

**Memorandum Opinion and Order - Page 7**

*Farkas*, 737 F.3d at 342. Plaintiffs dispute the validity of the assignment; however, for the reasons already explained, they lack standing to challenge the assignment based on MERS' alleged lack of authority to assign the Deed to JPMC. Accordingly, all claims asserted by Plaintiffs based on the theory that JPMC lacks authority or standing to enforce the Deed and foreclose on the Property fail as a matter of law.

### C.     TDCA, Wrongful Foreclosure, and Wrongful Eviction

According to Plaintiffs' Response to JPMC's Motion to Dismiss, their claims for alleged violations of the TDCA, wrongful foreclosure, and wrongful eviction are based on their contention that Defendant lacked authority to foreclose on the Property because MERS lacked authority to assign the Deed to JPMC after the original lender went out of business. *See* Pls.' Resp. 2, 7-8. As the court has determined that Plaintiffs' theory based on MERS' and JPMC's lack of standing or authority fails as a matter of law, its claims for alleged TDCA violations, wrongful foreclosure, and wrongful eviction, which are based on this flawed theory, likewise fail as a matter of law.[2]

### D.     Injunctive Relief

Defendant contends that, because Plaintiffs have failed to state claims upon which relief can be granted, they are not entitled to injunctive relief. The court agrees.

---

[2] In response to the Motion to Dismiss, Plaintiffs assert for the first time that they should be allowed to proceed with their breach of contract claim. Plaintiffs' Petition does not include a claim for breach of contract or facts to support such a claim. Moreover, according to Plaintiffs' response to the Motion to Dismiss, their contract claim is based on their contention that 2013 foreclosure sale notices violated the Texas Property Code because JPMC was not the mortgagee. The court has already determined that the pleadings in this case establish that JPMC was the mortgagee as a result of the assignment from MERS under the Deed, which was recorded May 7, 2012, before nonjudicial foreclosure proceedings were initiated in 2013. Accordingly, any contract claim by Plaintiffs also fails as a matter of law.

**Memorandum Opinion and Order - Page 8**

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order ("TRO"). A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a TRO order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction.

As the court has determined that Plaintiffs' claims fail as a matter of law, Plaintiffs cannot establish a substantial likelihood of prevailing on the merits of their claims and cannot satisfy all four requirements for a preliminary injunction or TRO under federal law. As a result, Plaintiffs are not entitled to injunctive relief.

### IV. Conclusion

For the reasons stated, Plaintiffs Kenneth Smith and Shanel Smith have failed to state valid claims upon which relief can be granted, and JPMC is entitled to dismissal of Plaintiffs' claims and request for injunctive relief. Although Plaintiffs request to amend their pleadings and have not previously amended their pleadings, the court will not permit them to amend their pleadings because their claims fail as a matter of law. Thus, any attempt to amend would be futile and unnecessarily

**Memorandum Opinion and Order - Page 9**

delay the resolution of this action.  Accordingly, the court **grants** Defendant's Motion to Dismiss, and **dismisses with prejudice** this action.[3]  The court will enter a judgment in favor of JPMC by separate document, as required, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 30th day of September, 2016.

*(signature)*
Sam A. Lindsay
United States District Judge

---

[3] For the reasons explained, all claims by Pamela Renee Ayers are **dismissed without prejudice**.

**Memorandum Opinion and Order - Page 10**