IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENNETH SMITH, SHANEL SMITH,** | § | |
| **AND PAMELA RENEE AYERS,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-3582-L** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for New Trial (Doc. 16), filed October 28, 2016. Plaintiffs seek reconsideration of the court's September 30, 2016 memorandum opinion and order in which the court granted Defendant's Motion to Dismiss and dismissed with prejudice this action. After carefully reviewing the motion, Defendant's response, the record, and applicable law, the court **denies** Plaintiffs' Motion for New Trial (Doc. 16).

**I.    Rule 59(e) Standard**

Plaintiffs' Motion for New Trial is governed by Federal Rule of Civil Procedure 59(e) because it was filed on October 28, 2016, within 28 days after the judgment was entered in this case on September 30, 2016. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to address issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285,

289 (5th Cir. 1989). Thus, a Rule 59(e) motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. A court may not grant a Rule 59(e) motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiffs Kenneth and Shanel Smith ("Plaintiffs") request that the court revisit its determination that they lack standing to challenge JPMorgan Chase Bank, N.A.'s ("JPMC" or "Defendant") authority to foreclose on the property in question. Plaintiffs further assert that they have stated valid claims for violations of the Texas Debt Collection Practices Act ("TDCPA") and, therefore, are entitled to pursue these claims and their related request for actual and statutory damages, in addition to injunctive relief.

II.  Analysis

   A.  **JPMC's Authority to Enforce Deed of Trust (For Foreclosure and Eviction Purposes)**

JPMC moved to dismiss Plaintiffs' claims to the extent based on Plaintiffs' contention that JPMC lacked authority to enforce the Deed of Trust because Mortgage Electronic Registration Systems, Inc. ("MERS") was designated as the original lender's nominee, and MERS assigned the Deed of Trust to JPMC after the original lender ceased doing business. JPMC contended, and the court agreed, that Plaintiffs lacked standing to challenge the assignment from MERS to JPMC. In their Motion for New Trial, Plaintiffs contend that the court's ruling in this regard is inconsistent with *Green v. JPMorgan Chase Bank*, 937 F. Supp. 2d 849, 855-856 (N.D. Tex. 2013), because, like the plaintiff in *Green*, they maintain that the assignment from MERS to JPMC is void, not merely voidable. According to Plaintiffs, the assignment is void "because MERS absolutely lacked authority to act as nominee for a 'dead' entity as its putative principal." Pls.' Mot. New Trial 2.

Defendant responds that Plaintiffs fail to cite any authority to support their contention that MERS lacked authority to act as the nominee of a "dead" entity, and *Green* simply recognizes the general rule stated by the Fifth Circuit in *Reinagel v. Deutsche Bank National Trust Company*, 735 F.3d 220, 226 (5th Cir. 2013), that a borrower has standing only to challenge assignments that render them void, not merely voidable. Defendant further asserts that the Fifth Circuit has, in a factually similar case, "upheld the validity of a MERS assignment even when the originating lender was no longer in existence at the time of the assignment." Def.'s Resp. 4 (citing *L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748, 750 (5th Cir. 2014) (per curiam)).

In determining that Plaintiffs lacked standing to contest the assignment from MERS to JPMC, the court did not address Plaintiff's "dead entity" argument because it was not made in

**Memorandum Opinion and Order - Page 3**

response to JPMC's contention that Plaintiffs lacked standing to challenge the assignment. It, instead, was made with respect to Plaintiffs' claim for alleged violations of the TDCPA. The "dead entity" alluded to in Plaintiffs' response to the Motion to Dismiss and the Motion for New Trial presumably refers to GBMortgage, LLC ("GB"), the original lender of Plaintiffs' home loan in October 2008, which according to Plaintiffs' pleadings, "ceased to exist April 5, 2010." Pls.' Orig. Pet. ¶ 4(B).

Regarding JPMC's standing argument, Plaintiffs merely responded, without explanation, that they "clearly [could] challenge the Assignment and/or the Appointment of substitute trustees, in the circumstances of (a) a claim involving the fraudulent nature of all or part of the instrument, or (b) the invalidity of the assignment or appointment by a claimed attorney-in-fact." Pls.' Resp. to Mot. to Dismiss 2. Plaintiffs similarly contended, based on *Green*, cases that predate the Fifth Circuit's opinions in *Reinagel* and *L'Amoreaux*, and a nonbinding Eighth Circuit case, that, in this case: "[T]here is . . . a fatal defect in the chain of title, where there can be [a] bona fide argument as to the validity of the Assignment and of the Appointment and any succeeding appointments of trustees; all acts from and after the first of such instruments are tainted." *Id*. at 4. In making this argument, Plaintiffs failed to explain why they believed there was a fatal defect that voided the assignment in this case and stripped MERS of its previously granted authority to act as nominee after GB ceased to exist as a legal entity, and the cases cited in Plaintiffs' response do not involve an assignment under circumstances such as those alleged in this case from which the court could have inferred the basis for the argument made by Plaintiffs.

Accordingly, as Plaintiffs did not raise their "dead entity" argument in responding to JPMC's Motion to Dismiss based on their lack of standing to challenge the assignment, and they failed to

explain why the assignment in this case was void in light of the authority cited by them, their Motion for New Trial is an improper effort to relitigate a matter not previously or adequately raised by them that was resolved to their dissatisfaction. *See Forsythe*, 885 F.2d at 289; *Simon*, 891 F.2d at 1159. Moreover, Plaintiffs do not contend and have not established that newly discovered facts exist that would change the outcome of the court's ruling. *See Infusion Resources, Inc.*, 351 F.3d at 696-97. Plaintiffs are, therefore, not entitled to relief under Rule 59(e) with respect to the issue of whether they have standing to contest the authority or validity of the assignment from MERS to JPMC.

Further, even if Plaintiffs had previously argued in response to the Motion to Dismiss that they had standing to challenge the assignment because the assignment was void based on their "dead entity" argument, they still would not be entitled to relief under Rule 59(e) because this argument fails on the merits. As Defendant correctly notes, a similar argument was rejected by the Fifth Circuit in *L'Amoreaux* as follows:

> [The L'Amoreauxes] assert that MERS could not have validly assigned the Deed of Trust to Wells Fargo because MERS was acting only as a nominee for Cornerstone and, at the time of the assignment, Cornerstone had ceased to exist. This argument is without merit. Although Cornerstone had ceased to exist at the time of the assignment, the Deed of Trust explicitly contemplates MERS's continuing to act as nominee for Cornerstone's "successors and assigns." It is undisputed that Cornerstone Corporation endorsed the Note to Wells Fargo. At that point, MERS became a nominee for Wells Fargo. MERS thus continued to have the authority to assign its rights under the Deed of Trust.
>
> Thus, the district court properly dismissed the claims against MERS because MERS was acting within its rights under the Deed of Trust when it assigned its interest to Wells Fargo. Similarly, the district court properly dismissed the claims against Wells Fargo because, as the holder of the Deed of Trust, Wells Fargo had authority to foreclose on the L'Amoreauxes' property.

*L'Amoreaux*, 755 F.3d at 750 (footnote omitted). Like the deed of trust in *L'Amoreaux*, the Deed of Trust in this case expressly states that MERS has authority to act as nominee for the original

lender and the lender's "successors and assigns," and MERS was given this authority before GBMortgage, LLC ceased to exist. Def.'s Mot. to Dismiss, Ex. A (Doc. 4-1). Accordingly, MERS had authority under the Deed of Trust to assign the Deed of Trust to JPMC. Plaintiffs' contention in this regard, therefore, fails as a matter of law and does not, as Plaintiffs contend, "demonstrate[] questions of fact." Pls.' Mot. New Trial. 2. *L'Amoreaux*, 755 F.3d at 750. In addition, to the extent Plaintiffs' Motion for New Trial also includes a general request that the court revisit and reexamine other arguments previously raised by them regarding JPMC's authority to foreclose, the motion is denied because, as already explained, Rule 59(e) may not be used to relitigate issues that were resolved to a movant's dissatisfaction, and Plaintiffs' motion does identify any specific manifest factual or legal error in the court's prior opinion.

**B.     Section 392.301(a)(8) of the TDCPA**

In their Rule 59(e) motion, Plaintiffs contend that they have stated a valid claim under the TDCPA based on JPMC's alleged violations of the Texas Property Code and attempted wrongful foreclosure of the property.

**1.     Texas Property Code Violations (Foreclosure)**

Plaintiffs' contention regarding JPMC's alleged violations of the Texas Property Code and attempted wrongful foreclosure of the property are one and the same. Specifically, based on *Biggers v. BAC Home Loans Servicing, LP*, Plaintiffs continue to maintain, as they did in response to the Motion to Dismiss, that JPMC's attempt or threat to foreclose on their property violated the Texas Property Code because JPMC lacked capacity or authority to do so as a result of the defective assignment from MERS to JPMC. Pls.' Mot. New Trial ¶ 6; Pls.' Resp. to Mot. to Dismiss 5-6 & n.1 (citing *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 732 (N.D. Tex. 2011),

for the proposition that a failure to comply with the Texas Property Code is a violation of the TDCPA, which "applies to foreclosure actions"). In their Motion for New Trial, Plaintiffs also cite *McCaig v. Wells Fargo*, 788 F.3d 463, 478 (5th Cir. 2015), for a similar proposition. Plaintiffs contend that it is immaterial whether JPMC actually succeeded in foreclosing on the property because a wrongful attempt to foreclose is enough to support a claim under the TDCPA. In addition, Plaintiffs assert that, contrary to the court's opinion, it does not matter that they have not suffered any actual damages because they are entitled to statutory and exemplary damages under the TDCPA for JPMC's threats to foreclose on the property in violation of the Texas Property Code.

"Section 392.301(a)(8) prohibits threats 'to take an action prohibited by law.'" *McCaig*, 788 F.3d at 478. In *McCaig* and *Biggers*, the courts' determinations that the plaintiffs had a valid claim under section 392.301(a)(8) turned on whether the defendants had a right to foreclose on the property in question. *Id.*; *Biggers*, 767 F. Supp. 2d at 732. Unlike the defendants in *McCaig* and *Biggers*, the court has already determined that MERS's assignment did not affect JPMC's authority under the Deed of Trust to foreclose on Plaintiffs' property. Because JPMC had authority as the mortgagee to foreclose on the property as a result of the assignment from MERS under the Deed of Trust, its conduct in threatening or attempting to conduct a foreclosure sale of the property does not, without more, constitute a threat to take an action prohibited by law.

For this reason, Plaintiffs' TDCPA claim based on JPMC's lack of authority, under the Deed of Trust, to foreclose on the property fails as a matter of law. Moreover, Plaintiffs are not entitled to relief under Rule 59(e) on this ground because the court's prior opinion addressed this issue, such that Plaintiffs' Motion for New Trial on this ground is an improper attempt to relitigate matters already decided against them:

> According to Plaintiffs' Response to JPMC's Motion to Dismiss, their claims for alleged violations of the TDCA, wrongful foreclosure, and wrongful eviction are based on their contention that Defendant lacked authority to foreclose on the Property because MERS lacked authority to assign the Deed to JPMC after the original lender went out of business. *See* Pls.' Resp. 2, 7-8. As the court has determined that Plaintiffs' theory based on MERS' and JPMC's lack of standing or authority fails as a matter of law, its claims for alleged TDCA violations, wrongful foreclosure, and wrongful eviction, which are based on this flawed theory, likewise fail as a matter of law.

Mem. Op. & Order 8.

Even assuming that Plaintiffs' reference to "Property Code 51.0025 claims" in paragraph 7 of their Motion for New Trial and their materiality argument based on *McCaig* can be construed as a contention that the TDCPA applies to claims based on threats of foreclosure without giving the statutorily required notice, they did not raise this argument in response to Defendant's Motion to Dismiss. Pls.' Mot. New Trial 3 ("Regarding the notice(s) of trustee[]'s sale on which Chase acted in regard to the August 6, 2013 substitute trustee[]'s sale of the Property, the *McCaig* court made it plain that materiality of violation is not an issue."). Because this argument could have been, but was not, raised in response to the Motion to Dismiss, it is not a proper basis for the relief requested by Plaintiffs under Rule 59(e). *Simon*, 891 F.2d at 1159. In addition, although Plaintiffs allege in their Original Petition, "Upon information and belief, [JPMC] failed to give notice before giving notice of acceleration and substitute trustee's sale, in the form and manner . . . to comply with Texas Property Code §§ 51.002," Pls.' Orig. Pet. ¶ 5(a)(1), the court concludes that any TDCPA claim based on this allegation was abandoned when Plaintiffs failed to pursue it in response to the Motion to Dismiss. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff's failure to pursue a claim beyond her complaint in response to a motion to dismiss constituted abandonment).

Finally, contrary to Plaintiffs' assertion, the court's prior determination regarding Plaintiffs' TDCPA claim did not turn on whether JPMC's efforts in attempting to foreclose on the property were successful or whether Plaintiffs suffered any actual damages as a result of the attempted foreclosure. The court's opinion instead focused on whether JPMC had authority to foreclose under the Deed of Trust and whether Plaintiffs had standing to contest MERS' assignment to JPMC. Thus, Plaintiffs' contention in this regard is, unavailing and, in any event, would not change the outcome of the court's ruling on Plaintiffs' TDCPA claim with respect to the allegedly void assignment.[1]

## 2. Texas Procedure for Writs of Possession

Plaintiffs do not take issue in their Motion for New Trial with the court's ruling on their TDCPA claim under section 392.301(a)(8) that is based on their allegation that JPMC's conduct in attempting to evict them from the property was unlawful because the writ of possession obtained by JPMC violated Texas Rule of Civil Procedure 510.8(d)(1)-(2). The court, nevertheless, addresses the issue because, in revisiting the parties' briefing for the Motion to Dismiss, the court noticed that Plaintiffs also contended in their response that JPMC's attempt to evict them from the property was unlawful because it was done in violation of Rule 510.8(d)(1). Pls.' Resp. 5-6. For the reasons that follow, the court **clarifies** that dismissal of Plaintiffs' TDCPA claim under section 392.301(a)(8), whether based on the validity of the assignment or violation of Rule 510.8, is proper and **supplements** its September 30, 2016 opinion to include the discussion that follows regarding

---

[1] Because Plaintiffs' Original Petition and response to the Motion to Dismiss are not models of pellucid draftsmanship, the court assumed in ruling on Defendant's Motion to Dismiss that Plaintiffs were asserting claims for TDCPA violations, as well as claims for wrongful foreclosure and eviction. It now appears from Plaintiffs' Motion for New Trial that Plaintiffs intended only to assert a TDCPA claim based on the theory that JPMC lacked authority for various reasons to initiate foreclosure proceedings and evict Plaintiffs from the property. Regardless of the label, Plaintiffs have not stated claims for which relief can be granted.

**Memorandum Opinion and Order - Page 9**

Plaintiffs' TDCPA claim, as well as any related request for injunctive relief by them under the TDCPA.

Regarding their TDCPA claim and Rule 510.8, Plaintiffs argued as follows in response to the Motion to Dismiss:

> Plaintiffs state claims for violations of TDCA based on acts of Defendant in demanding possession of Plaintiffs' property, and then filing and prosecuting a forcible detainer suit seeking to evict Plaintiffs. The Texas rule cited in the Complaint at ¶5.a.(3) is clear, that no writ of possession may issue more than sixty days after judgment in a forcible detainer matter, and may not be served in any event more than ninety days after judgment of possession is granted. Here, Defendant obtained a judgment of possession March 11, 2014 and obtained a writ of possession October 23, 2015, notice of which writ was posted at the Plaintiffs' property and their eviction was imminent when this suit was filed. Such issuance and threat of eviction is plainly outside the bounds of what Texas Rule of Civil Procedure 510.8(d)(1), (2) contemplates. Hence, Defendant took action and threatened action which was prohibited by law, in violation of the cited provisions of TDCA.

Pls.' Resp. 5-6 (footnote omitted). Plaintiffs contend, based on *Biggers*, that "comparable actions have been held by this court to constitute violations of TDCA and the attempt to evict on a stale judgment of possession should be no different than threatening foreclosure action contrary to law." *Id.* at 6.

Section 392.301(a)(8) prohibits "threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8). Under section 392.301(b), a debt collector is not prevented from "threatening to institute civil lawsuits or other judicial proceedings to collect a consumer debt" or from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." Tex. Fin. Code Ann. § 392.301(b). Under paragraph 18 of the Deed of Trust, if the property was sold in a foreclosure sale, Plaintiffs were required to immediately surrender possession of the property to the purchaser, and, if they failed to do so, they

would become tenants at sufferance who could be removed by writ of possession. Def.'s Mot. to Dismiss, Ex. A ¶ 18. Thus, the Deed of Trust entitled JPMC to immediate possession after the sale of the property in a foreclosure sale and authorized it to remove Plaintiffs from the property by writ of possession.[2]

Texas Rule of Civil Procedure 510.8(d) governs the issuance of a writ of possession postjudgment in favor of a plaintiff. The rule provides that a writ of possession "may not issue more than 60 days after a judgment for possession is signed. For good cause, the court may extend the issuance to 90 days after a judgment for possession is signed." Tex. R. Civ. P. 510.8(d)(1). The rule adds that a writ may not be executed more than 90 days after a judgment for possession is signed. Tex. R. Civ. P. 510.8(d)(2).

Here, Plaintiffs acknowledge that JPMC initiated a forcible detainer action and obtained a judgment of possession in that action on March 11, 2104, but allege that JPMC did not obtain or execute a writ of possession until October 23, 2015, more than 90 days after the date the judgment of possession was signed. The court was unable to find any authority in which a failure to comply with Texas Rule of Civil Procedure 510.8(d)'s deadline for seeking and executing a writ of possession after entry of judgment was sufficient to support a claim under section 392.301(a)(8) of the TDCPA. *Biggers*, the case cited by Plaintiffs, is inapposite, as it does not involve an allegedly unlawful eviction.

The court, however, did find Texas authority that a claim for wrongful eviction under Texas law exists when a defendant evicts the plaintiff from property pursuant to a void writ, that is, a writ

---

[2] It appears from Plaintiffs' pleadings and response to the Motion to Dismiss that JPMC attempted to conduct a foreclosure sale and evict Plaintiffs from the property but had not yet done so by the time Plaintiffs filed suit.

that is executed after its expiration. *See Trigg v. Blakemore*, 387 S.W.2d 465, 467 (Tex. Civ. App.—Austin 1965, writ ref'd n.r.e.). Based on this authority, the court concludes that, although the initiation of eviction proceedings is not per se unlawful, a plaintiff can still state a claim under section 392.301(a)(8) of the TDCPA when the defendant threatens to evict the plaintiff from the property in question through the use of a void writ of possession after the deadline for obtaining and executing writs in Rule 510.8(d), and the plaintiff seeks the type of relief available under the statute.

Section 392.403(a) of the TDCPA states that a person can bring suit for injunctive relief and "actual damages sustained as a result of a violation of this chapter."[3] Plaintiffs do not allege in their Original Petition that they suffered any actual damages as a result of Defendant's attempt to evict them from the property. Moreover, Plaintiffs contend in the Motion for New Trial that they do not need to allege actual damages because they can recover statutory damages even in the absence of actual damages. Pls.' Mot. New Trial ¶ 8. Specifically, based on the Fifth Circuit's opinion in *McCaig*, Plaintiffs assert that the court erred in dismissing their TDCPA claim because: "In the Opinion, the Court refers to actual damages, but *McCaig* points out that there is no materiality or actual damage threshold to be considered with TDCA claims. Plaintiffs in this case can be entitled even to statutory, as opposed to actual, damages and still state a claim."[4] The court in *McCaig* did not address the damages issue raised by Plaintiffs; rather, the court in *McCaig* held that, under Texas

---

[3] Plaintiffs allege in their Original Petition as follows regarding their TDCPA claim: "Under Tex. Fin. Code 392.403, the Defendant's violations of the TDCA render said Defendant liable to Plaintiffs for statutory damages, injunctive relief, costs and attorney's fees." Pls.' Orig. Pet. ¶ 5(b). Plaintiffs' Original Petition also includes a general damages provision in which Plaintiffs state that they are seeking and suing for statutory, as well as actual damages. *Id.* ¶ 7. Again, however, Plaintiffs allege no facts from which the court can reasonably infer that they suffered any actual damages as a result of JPMC's attempt to evict them from the property.

[4] As previously noted, the court did not, as Plaintiffs contend, address the issue raised in their Motion for New Trial regarding either actual or statutory damages.

law, a person who has sustained actual damages as a result of a violation of the TDCPA has standing to sue under the statute even if the person is not the debtor or a party to the consumer transaction. *Id.* at 473.

While section 392.403(e) has been interpreted by Texas courts as allowing a prevailing plaintiff to recover statutory damages of at least $100 per violation without proof of actual damages, this section expressly limits recovery of statutory damages to actions brought under sections 392.101, 392.202, or 392.301(a)(3) of the TDCPA. *Marauder Corp. v. Beall*, 301 S.W.3d 817, 822 (Tex. App.—Dallas 2009, no pet.);Tex. Fin. Code Ann. § 392.403(e). Plaintiffs' TDCPA claim, however is brought pursuant to section 392.308(a). Plaintiffs of course were not required to prove they suffered actual damages in response to Defendant's Rule 12(b)(6) motion to dismiss. They were, however, required to allege facts that, if proved, would entitle them to recover actual damages sustained as a result of JPMC's violation of Rule 510.8(d). Plaintiffs merely allege that they are entitled to recover damages because JPMC violated Rule 510.8(d). They do not allege that they sustained any actual damages as a result of the attempted eviction that was allegedly undertaken in violation of Rule 510.8(d).

Because Plaintiffs, who are represented by counsel, never requested to amend their pleadings and now take the position that they need not allege actual damages in support of their TDCPA claim under section 392.301(a)(8), the court concludes that they have stated their "best case" and would not be able to allege facts regarding actual damages, even if allowed to amend their pleadings. Further, as discussed below, while the TDCPA also allows a plaintiff to seek injunctive relief for violations, the court determines that Plaintiffs' request for injunctive relief fails as a matter of law.

### C. Injunctive Relief

Plaintiffs contend in the Motion for New Trial as follows with respect to their request for injunctive relief: "Since Plaintiffs have well[-]pleaded TDCA claims, they are entitled to injunctive relief under the TDCPA if on no other basis, even if their claims only reach to the point of entitling them to statutory damages." Pls.' Mot. New Trial 4.

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order ("TRO"). A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a TRO order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction.

The court has already determined that Plaintiffs' claims based on JMPC's alleged lack of authority under the Deed of Trust fail as a matter of law. Accordingly, Plaintiffs have not established a substantial likelihood that they will prevail on the merits of these claims and are not entitled to injunctive relief with respect to these claims.

Any request for injunctive relief by Plaintiffs under the TDCPA to prevent Defendant from evicting them from the property also fails because, under the Anti-Injunction Act, 28 U.S.C. § 2283, the court lacks jurisdiction to enjoin JPMC from evicting Plaintiffs from the property. *See Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013) (upholding denial of temporary restraining order that would have prevented an eviction and explaining that the district court lacked jurisdiction under the Anti-Injunction Act to grant the injunctive relief sought because "[t]he relief sought, in practical effect, would enjoin [the mortgage company] from enforcing a valid extant judgment of a Texas court"). Here, as in *Knoles*, granting the injunctive relief sought by Plaintiffs to enjoin JPMC from evicting them from the property would in effect enjoin JPMC from enforcing the judgment of possession entered in its favor in the forcible detainer action. Accordingly, Plaintiffs' request that the court enjoin Defendant from evicting them from the property is dismissed without prejudice for lack of jurisdiction, and Plaintiffs' Motion for New Trial with respect to this request for injunctive relief is denied.

### III. Conclusion

For the reasons herein stated, the court **concludes** that Plaintiffs are not entitled to relief under Rule 59(e) and **denies** Plaintiffs' Motion for New Trial (Doc. 16). Additionally, for the reasons explained, the court **clarifies** that dismissal of Plaintiffs' TDCPA claim, whether based on the validity of the assignment or Texas Rule of Civil Procedure 510.8, is proper and **supplements** its September 30, 2016 opinion to include its discussion in this order regarding Plaintiffs' TDCPA claim based on Rule 510.8, as well as any related request for injunctive relief by them under the TDCPA.

**It is so ordered** this 19th day of October, 2017.

                                                      Sam A. Lindsay
                                                      United States District Judge